UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARMITA JUMBO,

                Plaintiff,      **ACTION UNDER 29 U.S.C.§ 216(b)**

-v.-

                        **COMPLAINT**

LOS TRES POTRILLOS DE JC CORP
(DBA LOS TRES POTRILLOS) and
PEDRO LUNA, individually,

                Defendants
------------------------------------------------------------X

      Plaintiff CARMITA JUMBO, by and through her attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) and PEDRO LUNA, individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

      1. This Complaint seeks to recover, inter alia, unpaid minimum wage and overtime wage compensation for Plaintiff, a former employee of Defendant LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS), a New York Corporation with offices at 111-16 Roosevelt Ave, Queens, NY 11368 and its principal, Defendant PEDRO LUNA, where Plaintiff was employed primarily as a waitress.

      2. At all times relevant hereto, Defendants were required, under relevant New York State law, to pay and compensate Plaintiff at a minimum rate of $15.00 per hour

(the "minimum wage"); however, Plaintiff was only compensated at a rate of $10.83 per hour.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants only compensated Plaintiff at a rate of $10.83 per hour including tips, per week and failed to pay Plaintiff her lawful overtime pay for that period from January 2019 to the present, when she works well in excess of forty (40) hours per workweek.

5. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the minimum and overtime compensation required by federal and state law and regulations.

6. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

7. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, failure at recordkeeping, and unpaid overtime wages pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

9. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

14. Plaintiff CARMITA JUMBO ("JUMBO") is and was at all times relevant hereto an individual residing in the State of New York.

15. Plaintiff JUMBO was employed by LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) at its offices at 111-16 Roosevelt Ave, Queens, NY 11368, from approximately January 2019 to the present, where her primary work duty was as a waitress.

16. At all times relevant hereto, Plaintiff JUMBO was a covered employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

18. Defendant LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 111-16 Roosevelt Ave, Queens, NY 11368.

19. Upon information and belief, Defendant LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) is engaged in interstate commerce, in that it relies heavily on products that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2023, and were directly engaged in interstate commerce.

20. Upon information and belief, Defendant PEDRO LUNA is the President, Chief Executive Officer, manager, principal, or agent of Defendant LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS).

21. Upon information and belief, and at all times relevant to the claims herein, Defendant PEDRO LUNA possessed operational control over Defendant LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) by reason of his ownership interest, and control of significant functions of Defendant Corporation; that Defendant PEDRO LUNA: (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS); (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees work schedules and workload; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

22. Defendant PEDRO LUNA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## **COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

23. Defendants owned and operated LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS), a corporate entity principally engaged in Queens, New York. At all relevant times, Defendants LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) and PEDRO LUNA possessed operational control over the Defendant Corporation; possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff CARMITA JUMBO and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable minimum rate for work performed for the first forty (40) hours per week;

   b. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week

25. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff CARMITA JUMBO and the other class members.

26. Defendant LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS), under the direct supervision and authority of Defendant PEDRO LUNA,

acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid and shared joint control over their employees.

27. At relevant times, Defendants LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) and PEDRO LUNA possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

28. Defendants LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) and PEDRO LUNA jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

29. Defendants LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) and PEDRO LUNA constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

30. At all times relevant hereto, Defendants LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) and PEDRO LUNA were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of her employment.

**PLAINTIFF CARMITA JUMBO**

31. Plaintiff worked from approximately January 2019 to the present. Plaintiff JUMBO was employed without interruption by Defendants at their 111-16 Roosevelt Ave, Queens, NY 11368 facility, where Plaintiff JUMBO's work duties included waiting tables.

32. Plaintiff JUMBO's work schedule at the beginning of her employment was from 10:00 A.M. until 8:00 P.M., Friday to Wednesday. Later on, from 10:30 A.M. until 7:30 A.M., Saturday to Thursday. At the beginning of her employment, Plaintiff worked for approximately sixty hours (60) per week, and as of the date of the complaint filing, works approximately forty-five (45) hours per week.

33. Plaintiff JUMBO was paid at a rate of $10.83 per hour at the beginning of her employment. In 2022, Defendants began paying her $15.55 per hour. Defendants paid her $50 per day, $300 per week, plus $300 on tips from 2019 until 2021. In 2022, Defendants raised her salary to $70 per day, $350 per week, plus $2500 on tips. She typically earned $150 to $250 in tips per week, all in cash. From January 2019 until December 2019, Plaintiff was paid $10.83 per hour, with an underpayment per week of $400, and a total underpayment of that period of was $20,400. From January 2020 until December 2020, Plaintiff was paid $10.83 per hour, with an underpayment per week of $400, and the total underpayment for that period of time was $20,800. From January 2021 until June 2021, Plaintiff was paid $10.83 per hour, the underpayment per week was $400, and the total underpayment of that period of time was $20,800. From January 2022 until December 2022, Plaintiff was paid $15.55 per hour, including tips with an underpayment per week of $38.63, and the total underpayment for that period of of $2,008. From January 2023 until August 2023, Plaintiff was paid $15.55 per hour

for a (45) forty five hour week, with an underpayment per week of $38.63, and the total underpayment of that period was $1,390. The total amount of alleged unpaid wages is approximately $65,399.

34. Plaintiff JUMBO did not work at her own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff JUMBO did not come and go at her pleasure but rather was controlled by Defendants.

35. Plaintiff JUMBO was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as her employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff JUMBO's work is properly characterized as menial physical labor.

36. Plaintiff JUMBO regularly handled goods in interstate commerce and other items produced outside of the State of New York.

37. Plaintiff worked without appropriate minimum and overtime wages from the beginning until the end of her employment with Defendants.

### Defendants' General Employment Practices

38. As part of their regular business practices, Defendants required Plaintiff CARMITA JUMBO to work without paying Plaintiff the proper minimum and overtime wages as required by federal and state laws.

39. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying her the wages she was owed for the hours she had worked.

### FIRST CAUSE OF ACTION

### (Violation of FLSA Minimum and Overtime Wage)

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for her employment.

42. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such, constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

43. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum wage and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

44. Defendants' failure to pay Plaintiff the applicable minimum and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

45. Defendants acted willfully in their violations of the FLSA's requirements.

46. Plaintiff seeks damages for her unpaid lawful minimum and overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. Damaged in an amount to be determined at trial.

### **SECOND CAUSE OF ACTION**
### (Unpaid Minimum and Overtime Wages Under New York Labor Law)

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff minimum wages and the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

49. Defendants' failure to pay Plaintiff minimum and overtime wage was willful within the meaning of N.Y.Lab.Law § 663.

50. Due to Defendants' willful violations of the NYLL, Plaintiff CARMITA JUMBO is entitled to recover from Defendants her unpaid minimum and overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CARMITA JUMBO respectfully requests that this Court enter judgment against Defendants LOS TRES POTRILLOS DE JC CORP (DBA LOS TRES POTRILLOS) and PEDRO LUNA, as follows:

 a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

 b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

 c. Declaring that Defendants have violated the minimum and

overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d. Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

g. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

h. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

i. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

j. All such other and further relief as the Court deems just and proper.

k. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-

5004;

l. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

m. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
September 14, 2023

LINA STILLMAN, ESQ.

   /s/ Lina Stillman_____
Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com